# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| TAE JUAN WILLIAMS, | CASE NO. 4:19 CV 1014 |
| Plaintiff, | JUDGE JOHN R. ADAMS |
| v. | |
| | MEMORANDUM OF OPINION |
| TRUMBULL COUNTY | AND ORDER |
| SHERIFF'S DEPARTMENT, et al., | |
| Defendants. | |

*Pro se* Plaintiff Tae Juan Williams filed this action against the Trumbull County Sheriff's Department, and Trumbull-Ashtabula County Task Force Detective Michael Davis. In the Complaint, Plaintiff challenges the validity of a search warrant used to search his home which led to arrest on drug charges. He seeks monetary damages and return of the drugs, drug paraphernalia, firearms, and United States currency confiscated during the search.

Plaintiff filed an Application to Proceed *In Forma Pauperis*. That Application is granted.

**I.    Background**

Plaintiff alleges he was arrested at his home on March 1, 2019. He states he heard a loud banging on his side door. When he opened the door, he was told to freeze, turn around, put his hands up and walk backward. An officer conducted a pat down search while other officers executed a search warrant. Officers asked for his name and transmitted that information to

dispatch. Dispatched responded that Plaintiff had an outstanding warrant for his arrest. He was taken into custody on that outstanding warrant and was transported to the Trumbull County Jail.

Plaintiff indicates that after he was released from jail, he was provided a copy of the search warrant. He states his copy of the warrant was not notarized and did not contain the judge's signature. He further alleges the warrant did not identify him or authorize his arrest. He asserts this is a violation of his First, Fourth, Eighth and Fourteenth Amendment rights. Plaintiff seeks monetary damages and return of the items listed on the inventory sheet, which consist of eleven packs of Suboxone, over $4,000 in United States currency, 7 bags of marijuana, 2 containers of mushrooms, 1 bag containing 76 white pills, 1 bag containing 10 white pills, 1 bag containing 5.5 yellow pills, 1 bag containing an unspecified number of pink pills, 5 bottles of unknown pills, a bowl of unidentified powder, and a plastic jar of unknown pills.

**II.     Standard of Review**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III. Analysis

As an initial matter, the Trumbull County Sheriff's Department is not *sui juris*, meaning it is not a legal entity that is capable of suing or being sued for purposes of 42 U.S.C. § 1983. *See e.g, Petty v. County of Franklin, Ohio*, 478 F.3d 341 (6th Cir. 2007), *abrogated on other grounds* by *Bailey v. City of Ann Arbor*, 860 F.3d 382, 389 (6th Cir. 2017); *Barrett v. Wallace*, 107 F.Supp.2d 949 (S.D. Ohio 2000) ("[T]he Sheriff's Office is not a proper legal entity and, therefore, is not subject to suit or liability under 42 U.S.C. § 1983"); *Lawson v. City of Youngstown,* 912 F.Supp.2d 527, 531 (N.D. Ohio 2012) ("Courts have held that under Ohio law police departments and county sheriff's offices are not *sui juris* and may not be sued in their own right") (citing *Jones v. Marcum*, 197 F.Supp.2d 991, 997 (S.D. Ohio 2002) (in a § 1983 case,

finding police department was not *sui juris* under Ohio law); *Papp v. Snyder*, 81 F.Supp.2d 852, 857 n. 4 (N.D. Ohio 2000) (same) ). *See also Kannenberg v. Foos,* 2018 WL 4305501 at * 3 (N.D. Ohio Sept. 10, 2018); *Swope v. Dubos*, 2015 WL 6460047 at * 1 (N.D. Ohio Oct. 22, 2015); *Elkins v. Summit County, Ohio,* 2008 WL 622038 (N.D. Ohio March 5, 2008). Plaintiff's claims against the Sheriff's Department are liberally construed as asserted against Trumbull County.

Plaintiff, however, fails to state a claim against Trumbull County. As a rule, local governments may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a *respondeat superior* theory of liability. *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691(1978). Instead, it can only be held liable when its own official policy or custom inflicts the constitutional injury. *Id.* at 694. A municipality can therefore be held liable when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted by that body's officers." *Id.* at 690; *DePiero v. City of Macedonia*, 180 F.3d 770, 786 (6th Cir. 1999). Plaintiff alleges law enforcement officers executed a search warrant at his home, and arrested him when they discovered an outstanding warrant for his arrest. Although he challenges the validity of the search warrant, he does not identify a custom or policy of Trumbull County that played a role in the creation, execution or service of the warrant.

Furthermore, Plaintiff fails to allege facts suggesting Davis violated his constitutional rights. It is not clear from the Complaint what Davis's role was in the search or Plaintiff's arrest. Plaintiff cannot establish the liability of any Defendant absent a clear showing that the

Defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). Plaintiff alleges in his preliminary statement that Davis "dba Trumbull County Detective et al, Trumbull-Ashtabula County Law Enforcement et al, Trumbull County Sheriff's Department" unlawfully detained him, searched his property without a warrant. (Doc. No. 1 at 1). The body of the Complaint does not contain any allegations that pertain to Davis. Simply stating in general terms that the Defendant was associated with the search is insufficient to hold that Defendant liable in his individual capacity.

Finally, Plaintiff does not indicate whether charges were filed against him and if so, whether they are still pending. To the extent the criminal charges against him are still pending, this Court must abstain from hearing challenges to the state court proceedings, including a challenge to the validity of the search warrant. A federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971). When a person is the target of an ongoing state action involving important state matters, he or she cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case. *Watts v. Burkhart*, 854 F.2d 839, 844-48 (6th Cir.1988). If the state Defendant files such a case, Younger abstention requires the federal court to defer to the state proceeding. *Id*; *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987). Based on these principles, abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate

opportunity to raise federal questions. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the state." *Younger*, 401 U.S. at 44.

If Plaintiff has a criminal case that is still pending, all three factors supporting abstention would be present. State court criminal matters are of paramount state interest. *See Younger*, 401 U.S. at 44-45. The third requirement of *Younger* is that Plaintiff must have an opportunity to assert his federal challenges in the state court proceeding. The pertinent inquiry is whether the state proceedings afford an adequate opportunity to raise the federal claims. *Moore v. Sims*, 442 U.S. 415, 430 (1979). The burden at this point rests on the Plaintiff to demonstrate that state procedural law bars presentation of his claims. *Pennzoil Co.*, 481 U.S. at 14. When a Plaintiff has not attempted to present his federal claims in the state court proceedings, the federal court should assume that state procedures will afford an adequate remedy, in the absence of "unambiguous authority to the contrary." *Pennzoil*, 481 U.S. at 15. Here, there has been no showing that the claims asserted by Plaintiff in this federal lawsuit are barred in the state action. This Court must abstain from interfering in any pending state court criminal action against the Plaintiff.

**IV.  Conclusion**

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* is granted, and this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. §

1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.


Date: August 15, 2019                     /s/ John R. Adams
                                         JOHN R. ADAMS
                                         UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.